# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 30th day of October, 2019, by and between the Defendants Russo Brothers Contracting, Inc., Thomas Russo ("RELEASEES" or "DEFENDANTS"), and Plaintiff Mario D. Guzman ("CLAIMANT" or "RELEASOR")(hereinafter the "Parties").

## RECITALS

A. WHEREAS, on April 28, 2018, CLAIMANT initiated a lawsuit against the DEFENDANTS in Federal Court for the Eastern District of New York, such case being titled *Mario D. Guzman and other similarly situated current and former contractors and manual workers v. Russo Brothers Contracting Inc. and Thomas Russo*, Case No. 2:18-CV-02519-JS-GRB (the "Lawsuit"); and

B. WHEREAS, in the Lawsuit, CLAIMANT alleged, among other things, that RELEASEES failed to pay him overtime wages due in connection with services that he performed on RELEASEES' behalf, and further failed to provide him with proper wage acknowledgement form(s) and proper wage statements; and

C. WHEREAS, no Court has considered or determined the claims presented; and

D. WHEREAS, RELEASEES deny CLAIMANT'S allegations in their entirety and admit no wrongdoing nor any liability with respect to CLAIMANT'S allegations; and

E. WHEREAS, CLAIMANT and the RELEASEES wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, CLAIMANT AND RELEASEES (collectively, "The Settling Parties") agree as follows:

## AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. CLAIMANT agrees that he will not seek any further consideration from RELEASEES, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, CLAIMANT agrees that the amount being paid to him represents all alleged unpaid regular and overtime wages and other alleged damages from the commencement of his employment with the RELEASEES to the present, interest, liquidated damages, and attorneys' fees.

2. **Settlement Compensation**.

In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the RELEASEES agrees to issue the following payments, totaling FIFTEEN THOUSAND DOLLARS ($15,000.00), to the CLAIMANT, as follows:

1. To Mario D. Guzman, the gross amount of $9,400 payable to "Mario D. Guzman"; and

2. To "Goodman Law Group, P.C." the gross amount of $5,600 for litigation expenses, costs, and attorneys' fees, subject to the issuance of a 1099 form.

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against RELEASEES by CLAIMANT, including, but not limited to claims for attorneys' fees, disbursements and costs. CLAIMANT expressly directs RELEASEES to make the Settlement Payments, as detailed above, to him legal counsel, acknowledges that receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by CLAIMANT, and agrees that the Settlement Payments constitute an accord and satisfaction.

CLAIMANT further agrees that, with the payments stated above, CLAIMANT will have been paid in full for all hours worked for RELEASEES for the period encompassing the entire period of his employment with the RELEASEES, including, but not limited to, any and all claims for wages, supplements, statutory penalties and overtime pay. CLAIMANT will be materially breaching this Agreement if CLAIMANT claims in the future that he has not been paid the minimum wage, spread of hours pay, and/or overtime pay or any other monies, including statutory civil monetary penalties and interest, for any work for RELASEES for the period encompassing his entire employment with the RELEASEES.

3. **Delivery. All checks shall be sent to:**

> GOODMAN LAW GROUP, P.C.
> 380 North Broadway, Suite 203
> Jericho, New York 11752

4. **Timing**.

DEFENDANTS shall pay the Plaintiff the total sum of FIFTEEN THOUSAND DOLLARS ($15,000), as follows:

> Within **thirty (30)** days after (a) the Court approves the parties' Settlement Agreement and dismisses this matter with prejudice, and (b) the receipt, by DEFENDANTS' legal counsel, of fully completed and executed W9 and W4 forms from the CLAIMANT and a fully completed and executed W9 form from Goodman Law Group, P.C., DEFENDANTS shall make the following payment totaling TEN THOUSAND DOLLARS ($10,000.00), and (c) a

2

payment of FIVE THOUSAND ($5,000.00) within seventy five (75) days from the date herein, and (d) All payments will be made payable to "Goodman Law Group PC" as attorney's who will disburse the funds as follows:

1. To Mario D. Guzman, the gross amount of $4,700 less normal and appropriate withholdings, for alleged unpaid back wages, to be reflected on a W-2 Form;

2. To Mario D. Guzman, the amount of $4,700 representing liquidated damages and interest, reflected on a 1099 Form; and

3. To "Goodman Law Group, P.C." the amount of $ 5,600 representing attorneys' fees and disbursements, reflected on a 1099 Form.

**5. Other Payments.** Except as provided in this Agreement, no other payments are owed to the CLAIMANT.

**6. Taxes**. The CLAIMANT agrees to pay all federal, state and/or local taxes, if any, which are required by law to be paid by him with respect to this settlement in a timely fashion. The CLAIMANT further agrees that in the event RELEASEES becomes liable for payment of any taxes, or fines related to unpaid taxes, by any government entity for any amounts CLAIMANT was responsible to pay for amounts received pursuant to this Agreement, CLAIMANT will indemnify RELEASEES for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANTS.

**7. Release Of All Fair Labor Standards Act And New York Labor Law Related Claims.** RELEASOR understands and agrees that the Settlement Compensation is in full satisfaction of any and all obligations RELEASEES may have with respect to RELEASOR'S claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date RELEASOR executes this Settlement Agreement. RELEASOR affirms that, other than the claims alleged herein, he has reported all hours he worked while employed by DEFENDANTS, and that he has been paid and/or has received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which he may have been entitled as a result of his employment with the RELEASEES. RELEASOR further affirms that: (1) he has no known workplace injuries or occupational diseases, (2) he has not been retaliated against for reporting any allegations of wrongdoing or fraud against RELEASEES or any other RELEASEESS and (3) he is not currently aware of any possible claims that could be asserted by him against the RELEASEES related to his employment with the RELEASEES. RELEASOR also affirms that he has not alleged that any of the RELEASEES' decisions regarding his pay and benefits during his employment through the date of his separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin, sexual orientation or any other classification protected by law. RELEASOR hereby completely releases all statutory, contract, tort and all other wage and hour claims against

3

RELEASEES and releases and forever discharges RELEASEES with prejudice to the fullest extent permitted by law from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, obligations, grievances, claims, charges, complaints, claims for attorneys' fees and/or costs, and demands whatsoever, in law or in equity, known or unknown, which RELEASOR, RELEASOR's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever against RELEASEESS based upon any conduct occurring from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York Labor Law, and its governing regulations.

8. **Dismissal.**

   a. Upon full execution of this Agreement, or within five (five) business days thereof, the parties agree that the RELEASEES' legal counsel will cause to be filed with the Court a Motion to Approve this Settlement Agreement.

   b. Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on the date this Agreement was submitted to the Court for approval.

   c. CLAIMANT agrees to the dismissal of the Lawsuit with prejudice, subject only to DEFENDANTS' satisfaction of all his obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

9. **No Charges Exist and No Charges Will Be Filed For Released Claims.**

CLAIMANT represents that, other than the matter of *Mario D. Guzman and other similarly situated current and former contractors and manual workers v. Russo Brothers Contracting Inc. and Thomas Russo, Case No. 2:18-CV-02519-JS-GRB*, currently pending in the Federal District Court for the Eastern District of New York, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against RELEASEES. CLAIMANT agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and RELEASEES will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

10. **Remedy for Breach**. Should payment not be made within the 30-day period set forth in the "Timing" section (Section 4) of this Agreement, then CLAIMANT shall give written notice of such default to the DEFENDANTS and their legal counsel, and DEFENDANTS shall have ten (10) days from their receipt of said written notice to cure any such default. If payment is not made within this ten (10) day "Cure" period, Claimant may enter a judgment in the sum of $15,000.00, along with all reasonable attorneys necessitated to enforce this Agreement. The parties agree that this Court shall retain jurisdiction in the event of any alleged breach of the Agreement.

4

**11. Subpoenas.** Upon receipt of any subpoena, court order or other legal process compelling the disclosure of any information or documents covered by this Paragraph, the CLAIMANT shall give the RELEASEES ten (10) days' written notice prior to responding, so as to permit the RELEASEES to protect their interests to the fullest extent possible.

**12. Advice of counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. CLAIMANT hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

**13. Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

**14. Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in Nassau County, New York or the Federal District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

**15. Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

**16. Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

**17. Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

**18. Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

**19. Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

**20. Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

21. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if CLAIMANT and DEFENDANTS have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

22. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice shall be that of the attorneys in this case.

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE CLAIMANT ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY CLAIMANT, THAT HE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT'S HE HAS CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

( SPACE INTENTIONALLY LEFT BLANK )

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____
Mario D. Guzman

12-23-19
Dated:

Sworn to me this
~~day of~~ December 23, 2019

_____
Notary Public

KAYLA L. MYERS
Notary Public - State of New York
NO. 01MY6387359
Qualified in Suffolk County
My Commission Expires Feb 11, 2023

_____
Thomas Russo, Individually
and on behalf Russo Brothers
Contracting, Inc.

01/07/2020
Dated

Sworn to me this JANUARY 2020
7 day of ~~December 2019~~

_____
Notary Public

VITO A. PALMIERI
NOTARY PUBLIC A. PALMIERI
NOTARY PUBLIC State of New York
NO. 41-4975582 of New York
Qualified in Nassau County
Commission Expires October 2, 22

## SCHEDULE "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIO D. GUZMAN and other similarly situated
contractors and manual workers,

Docket No.:2:18-CV-02519-JS-GRB

Plaintiffs,

**STIPULATION OF
DISCONTINUANCE
WITH PREJUDICE**

-against-

RUSSO BROTHERS CONTRACTING INC.,
THOMAS RUSSO

Defendants.
-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued with prejudice without costs to any party or against any other. This Stipulation may be filed without further notice with the Clerk of the Court.

This Stipulation shall not be in effect until executed by all parties set forth herein.

Dated:   January 8th, 2020

_____
Michael N. Impellizeri, Esq.
Palmieri, Castiglione & Associates, P.C.
Attorneys for Defendants
205 Mineola Boulevard
Mineola, NY 11501

_____
Jason Tenenbaum, Esq.
Goodman Law Group, P.C.
Attorneys for Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11752